181 P.3d 504

**Rodney G. SELF, Jr., Petitioner–
Appellant,**

v.

**STATE of Idaho, Defendant–Appellant.**

No. 33458.

Court of Appeals of Idaho.

Sept. 14, 2007.

**579**

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Rodney G. Self, Jr. appeals from the district court's order summarily dismissing his application for post-conviction relief. Specifically, Self challenges the district court's conclusion that his application did not raise a genuine issue of material fact regarding his allegations of ineffective assistance of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Self was charged with two counts of rape, I.C. § 18–6101; one count of lewd and lascivious conduct with a minor, I.C. § 18–1508; and being a persistent violator, I.C. § 19–2514. A jury found Self guilty of the first two counts, and he admitted to being a persistent violator. Self was sentenced to concurrent unified terms of twenty years, with minimum periods of confinement of seven years. On appeal, this Court affirmed Self's judgment of conviction and the district court's denial of his I.C.R. 35 motion. *See State v. Self,* 139 Idaho 718, 85 P.3d 1117 (Ct.App.2003).

Self filed an application for post-conviction relief alleging three claims of ineffective assistance of counsel. Self also filed a motion for counsel. Counsel was appointed, and Self filed an amended application that asserted only a claim of ineffective assistance of counsel for failure to subpoena any expert witness who would have testified that the state's DNA evidence was significantly flawed. The state filed a motion to summarily dismiss Self's application. Post-conviction counsel filed an affidavit and was granted a continuance to contact the experts who evaluated the DNA evidence in Self's case and secure affidavits from them. At the second hearing, post-conviction counsel appeared on Self's behalf and explained that she was having difficulty securing affidavits from the experts. Another continuance was granted, and Self filed an affidavit from the criminal investigator who worked on Self's defense before trial. At the final hearing, no affidavits from the experts were filed, and the district court granted the state's motion for summary dismissal. Self appeals.

## II.

## ANALYSIS

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693–94 (1984); *Hassett v. State*, 127 Idaho 313, 316,

900 P.2d 221, 224 (Ct.App.1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177.

On appeal, Self asserts that the district court erred in summarily dismissing his post-conviction application. Specifically, Self claims that his application raised a genuine issue of material fact regarding whether he received ineffective assistance of counsel where his attorney failed to subpoena a necessary witness.

The district court concluded:

So basically the bottom line is the only thing the court has is a conclusion from [the criminal investigator in Self's case] and a conclusion from [post-conviction counsel] that this expert ... would have been helpful, but we are not really sure why the witness would have been helpful. I think that simply is nothing more than a mere scintilla of evidence which is insufficient to counteract a motion for summary disposition.

Therefore, the district court summarily dismissed Self's application because it did not contain information as to why an expert witness would have been helpful and what the expert would have testified to.

Under the second prong of the *Strickland* test for ineffective assistance of counsel, a showing of prejudice requires more than mere speculation about what an expert witness may have said if trial counsel employed them. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). In *Raudebaugh*, the defendant argued that the district court erred by not releasing the murder weapon so that he could get it examined before summarily dismissing his application for post-conviction relief. On appeal, the Idaho Supreme Court concluded that Raudebaugh failed to demonstrate how his case was prejudiced because he did not show that the

state's testing was flawed or that there was a new technology that would make current testing more reliable. Raudebaugh only offered conclusory speculation as to what an expert may have said after examining the murder weapon. Therefore, the Court concluded that summary dismissal was appropriate because Raudebaugh did not make a sufficient showing that the failure of trial counsel to hire an independent expert actually prejudiced his case.

 To justify an evidentiary hearing in a post-conviction relief proceeding, it is incumbent on the applicant to tender written statements from potential witnesses who are able to give testimony themselves as to facts within their knowledge. *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct. App.1982). It is not enough to simply allege that an expert should have been secured without providing, through affidavits, evidence of the substance of the expert's testimony. *Hall v. State*, 126 Idaho 449, 453, 885 P.2d 1165, 1169 (Ct.App.1994). Absent an affidavit from the expert explaining what he or she would have testified to, or some other verifiable information about what the substance of the expert's testimony would have been, a applicant fails to raise a genuine issue of material fact. *See generally Drapeau*, 103 Idaho at 617, 651 P.2d at 551.

In this case, Self argues that he raised a genuine issue of material fact regarding whether he received ineffective assistance of counsel. However, like the applicant in *Raudebaugh*, Self did not show that the state's DNA testing was flawed or that there is new technology available that is more reliable. Furthermore, Self's appellate brief concedes that he "could not prove at this stage exactly what the witness would have testified to." The only information about the substance of what an expert witness would have testified to comes from an affidavit filed by Self's post-conviction counsel where she avers that "the testimony of the experts hired by [defense counsel] would have significantly discredited the State's DNA conclusions." Another affidavit, submitted by the criminal investigator involved in Self's defense, simply avers that, "although [the investigator] can no longer recall exactly what

[the expert's] testimony would have been, it is obvious that we felt he was a needed witness at the time." These conclusory statements contain no details about what the substance of the testimony by any expert would have been.

To the extent that post-conviction counsel found the experts in this case uncooperative, there were several options available to her. As post-conviction counsel stated at the second hearing, she could have submitted an affidavit from the defense attorney who hired the experts in Self's criminal case but did not produce them as witnesses at Self's trial. Additionally, because post-conviction cases are civil in nature, the Idaho Rules of Civil Procedure provide an applicant with ways to secure the information necessary to support an application. Idaho Rule of Civil Procedure 56(f) provides two vehicles for dealing with summary dismissal proceedings when the necessary affidavits cannot be secured. One option is to ask the trial court for time to conduct limited discovery. The second option is to take the deposition of the witness. These tools are available to help prevent a post-conviction application from being summarily dismissed when counsel is having difficulties securing a necessary affidavit to oppose the summary dismissal motion (or a trial court's notice of intent to dismiss sua sponte).

An affidavit by post-conviction counsel with a conclusory statement that an expert would have significantly discredited the state's DNA conclusions is insufficient. It is not enough to simply allege that an expert should have been secured because an expert was needed. What is required is personal knowledge as to the substance of the testimony, preferably through an affidavit or deposition from the individual expert that explains in detail what that testimony would have been. Self's application does not meet this burden and does not raise a genuine issue of material fact.

Because Self failed to include more than a conclusory statement about what an expert would have testified to in his case, the district court was correct in summarily dismissing his application. Without admissible evidence of what an expert would have said or

how the expert would have discredited the state's DNA evidence, preferably from the expert personally, Self has not demonstrated that his counsel's failure to ensure an expert testified in his case was prejudicial. A purely conclusory statement about an expert's opinion is not admissible and is insufficient to demonstrate that, if the expert had testified, the probable outcome of the case would have been different.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Self's application for post-conviction relief. No costs or attorney fees are awarded to either party on appeal.

Judge LANSING and Judge GUTIERREZ, concur.