# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **Docket No. 45889** |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JIMMY C. MOORE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| **JIMMY C. MOORE,** | ) | **Docket No. 45941** |
| | ) | |
| **Petitioner-Appellant,** | ) | |
| | ) | **Filed:  October 29, 2019** |
| **v.** | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| **STATE OF IDAHO,** | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **Respondent.** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Peter G. Barton, District Judge.

Order denying motion for a new trial, <u>affirmed</u>; order summarily dismissing amended petition for post-conviction relief; <u>affirmed</u>.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Jimmy C. Moore appeals from the denial of his motion for a new trial and the summary dismissal of his petition for post-conviction relief in this consolidated appeal.  We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying case, a jury convicted Moore based on an altercation involving his wife. At trial, Moore's wife testified Moore intentionally punched her in the face. In contrast, Moore testified that he accidentally hit his wife when she approached him from behind causing only a small mark and that, thereafter, he and a neighbor went to a convenience store at about 8:30 or 9:00 p.m. and returned about twenty minutes later.

After Moore returned from the store, Moore's wife called 911 at 10:16 p.m. but did not speak directly into the phone. Rather, she placed the phone between furniture cushions. Although a majority of the 911 call was difficult to understand, Moore could be heard yelling and swearing at his wife. The police used the ongoing 911 call to locate Moore's home where they arrested Moore. Moore's wife, who sustained a black eye and three nondisplaced fractures around her eye, was transported to the hospital.

Based on this incident, the State charged Moore with felony domestic battery and misdemeanor resisting and obstructing law enforcement, and a jury convicted him of these crimes. This Court affirmed Moore's judgment of conviction on appeal. *State v. Moore*, Docket No. 43481 (Ct. App. Sept. 29, 2016) (unpublished).

Thereafter, Moore filed a motion for a new trial based on newly discovered evidence. Moore's newly discovered evidence was the testimony of Ryan Tone, who claimed to have been a witness to certain events on the night of incident. In support of his motion, Moore filed Tone's affidavit. At the evidentiary hearing on the motion, however, Tone denied writing and signing the affidavit Moore submitted and testified the affidavit contained "add-ons" or untruths. Regardless, Tone testified at the hearing about what he did see and hear that night. Based on this testimony, the district court concluded Tone "did not present new facts that would tend to exculpate" Moore.

Moore also filed a petition for post-conviction relief and later amended that petition, alleging various claims of ineffective assistance of counsel. On appeal, Moore focuses on his claim that his counsel was ineffective for failing to timely investigate the existence of a surveillance video of the convenience store on the night of the incident. Moore alleges this video would have shown he was at the store when "an alternate perpetrator" struck his wife and caused

2

her injuries. The district court summarily dismissed Moore's claim, concluding the video would not have been material and counsel's performance was not deficient.

Moore timely appeals from both the district court's order denying his motion for a new trial and its summary dismissal of Moore's amended petition for post-conviction relief, which appeals have been consolidated.

## II.

## ANALYSIS

### A.    Denial of Motion for New Trial

Moore asserts the district erred when it denied his motion for a new trial. A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court:   (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017). A motion for a new trial based on newly discovered evidence must disclose:   (1) that the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P. 972, 978 (1976).

On appeal, Moore argues Tone's testimony about what he saw on the night of the incident would have been "material" and "probably would have produced an acquittal." Tone testified that he heard Moore and another man talk about going to the convenience store and saw them leave between 8:30 and 9:00 p.m.; heard muffled "commotion like yelling," which sounded "hostile," included a woman's voice, and was near Moore's apartment; saw two men running away from Moore's apartment complex; saw Moore return to his apartment; saw the police arrive about seven to ten minutes later; saw the police slam Moore to the ground and shut the door on Moore; and heard Moore say his shoulder hurt. On cross-examination, Tone admitted he

3

did not know if Moore's wife was involved in the hostile verbal exchange he heard; he could not say whether Moore battered his wife that night; and he did not see the entire exchange between Moore and the police when Moore could have resisted arrest.

Focusing on the third *Drapeau* factor, the district court concluded Tone's testimony "did not present new facts that would tend to exculpate [Moore]." We agree. While Tone did not testify as to when Moore returned to his apartment after leaving for the convenience store, at trial Moore testified he was gone for twenty to twenty-four minutes. Assuming Moore left for the convenience store at 8:30 or 9:00 p.m. and was gone for twenty to twenty-four minutes, Moore still would have had ample time to batter his wife after returning from the convenience store and before she called 911 at 10:16 p.m. Accordingly, Tone's testimony does not eliminate the possibility Moore battered his wife either before or after his trip to the convenience store. Further, Tone's testimony is inconclusive about who was involved in the hostile verbal exchange he overheard while Moore was at the convenience store and does not tend to show someone other than Moore battered his wife. Finally, Tone's testimony does not eliminate the possibility that Moore resisted arrest before Tone saw the police purportedly slam Moore to the ground and shut him in the door. For these reasons, Tone's testimony would not probably produce an acquittal, and the district court did not abuse its discretion by denying Moore's motion for a new trial. *See Drapeau*, 97 Idaho at 691, 551 P. at 978 (requiring newly discovered evidence will probably produce acquittal).

## B.     Summary Dismissal of Petition for Post-Conviction Relief

Moore contends the district court erred by summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be

4

verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Moore's amended petition for post-conviction relief alleges that he repeatedly asked his trial counsel to obtain the convenience store's surveillance video but that, by the time counsel finally sought the video several months after the incident, the video had been destroyed. Whether an attorney's pretrial preparation falls below a level of reasonable performance is a question of law based on the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient in failing to investigate, a petitioner must establish the inadequacies of which the petitioner complains would have made a difference in the trial's outcome. *Id*. To allege that counsel may have discovered a weakness in the State's case is not sufficient. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

Moore contends the video "would have corroborated [his] testimony." At trial, however, Moore testified he went to the convenience store at 8:30 or 9:00 p.m., and the evidence showed Moore's wife called 911 at 10:16 p.m. Based on these facts, that Moore was definitely at the convenience store between 8:30 and 9:00 p.m. does not provide Moore with an alibi. No proof establishes Moore's wife was actually injured between 8:30 and 9:00 p.m. versus before or after that timeframe. Further, the State never contested that Moore was at the convenience store at 8:30 or 9:00 p.m., making corroborating evidence unnecessary. For these reasons, a video showing Moore at the convenience store would not have made a difference in the trial's outcome, and Moore has failed to show a genuine issue of material fact that his counsel's failure to acquire the convenience store's surveillance video prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (requiring showing of deficient performance and prejudice to prevail on ineffective assistance of counsel claim); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007) (same).

### III.

### CONCLUSION

Moore failed to show a genuine issue of material fact necessary to avoid summary dismissal of his amended petition for post-conviction relief. Further, Moore failed to satisfy the *Drapeau* requirements for a new trial. Accordingly, we affirm both the district court's denial of Moore's motion for a new trial and the dismissal of his amended petition for post-conviction relief.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.