**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47563**

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL CONATY, | ) | |
| | ) | **Filed: February 9, 2021** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Christopher Michael Conaty appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Conaty alleges the district court erred because his claim of ineffective assistance of counsel for failure to communicate raised a genuine issue of material fact. Because Conaty did not raise a genuine issue of material fact, the district court's judgment summarily dismissing the petition is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Conaty with one count of aggravated battery while on the grounds of a correctional facility and with being a persistent violator of the law. Conaty pled not guilty to the charges. On April 24, 2017, Conaty's jury trial began but on the second day, the district court declared a mistrial. Several months later, the State and Conaty entered into a plea agreement.

1

Pursuant to the plea agreement, Conaty entered a conditional guilty plea to aggravated battery in exchange for the State's dismissal of the persistent violator charge and recommendation of a fifteen-year sentence, with four years determinate, to be served consecutively to his previous sentences.

Conaty completed a change of plea advisory form in which he indicated that despite his request, his trial counsel did not file certain motions or call witnesses for trial; Conaty reasserted this complaint at the change of plea hearing. Pursuant to the plea agreement, Conaty reserved the right to pursue future actions related to this alleged failure. Nonetheless, during the guilty plea colloquy, Conaty told the district court that he had sufficient time and opportunity to ask his attorney about anything he did not understand. The district court asked Conaty if he believed his trial counsel otherwise explained everything to him satisfactorily and Conaty responded affirmatively. The district court accepted Conaty's guilty plea and sentenced him to fifteen years, with three years determinate, to run consecutively to his previously imposed sentences. Conaty filed an Idaho Criminal Rule 35 motion for a reduction of sentence which was denied, and his subsequent appeal was dismissed.

Conaty then filed a pro se petition for post-conviction relief alleging, in part, ineffective assistance of trial counsel because she "only met with me one time, therefore didn't have time to adequately prepare my case."[1] In the accompanying affidavit, Conaty attested that his trial counsel cancelled appointments, would not speak over the phone, and ultimately only met with him once, less than forty-five days before trial. Conaty attached two letters from his trial counsel, dated December 22, 2016, and February 21, 2017, in which she acknowledged cancelling an appointment and not yet meeting with Conaty in person.

The district court appointed post-conviction counsel to represent Conaty. Conaty's post-conviction counsel filed an amended petition for post-conviction relief. The amended petition provided additional detail relating to Conaty's ineffective assistance of counsel claim for failure to communicate, stating: (1) by the time that trial counsel finally met with Conaty, he was only forty-five days from trial; (2) consequently, Conaty lost confidence that he would be adequately represented if he had proceeded to trial; (3) Conaty pleaded guilty only out of concern that his

---

[1] Conaty asserted additional claims of ineffective assistance of counsel and a challenge to his sentence but does not pursue these claims on appeal.

counsel would be unprepared at the time of trial due to her established lack of communication; and (4) had counsel provided adequate communication with Conaty, he would have proceeded to trial. Neither the original nor the amended petition mentioned that Conaty proceeded to trial in April 2017.

The State filed a motion for summary disposition asserting that Conaty did not provide any admissible evidence of his trial counsel's failure to communicate between the dates of the mistrial and Conaty's subsequent guilty plea or assert why more time with his counsel would have caused Conaty to proceed to a second trial instead of pleading guilty. The district court held a hearing on the State's motion and entered an order summarily dismissing several of Conaty's claims, including his claim of ineffective assistance of counsel for failure to communicate. The district court gave notice of intent to dismiss the remainder of Conaty's claims for post-conviction relief and subsequently dismissed the petition. Conaty timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it

appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

## III.

## ANALYSIS

Conaty alleges the district court erred by summarily dismissing his petition for post-conviction relief because his claim that but for his trial counsel's failure to communicate he would not have pleaded guilty, raised a genuine issue of material fact. In response, the State argues that because Conaty's claim is contradicted by the record and based on bare, unsupported allegations, he failed to raise a genuine issue of material fact and accordingly, the district court did not err.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

4

This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Here, the district court concluded that Conaty did not allege a genuine issue of material fact on either prong of the *Strickland* analysis, finding Conaty's "claim is contradicted by the record and even if [counsel] provided deficient performance in failing to communicate, Petitioner has failed to establish that the failure to communicate prejudiced the outcome of his case." We agree.

As to the claim of alleged deficient performance prior to his trial, Conaty did not allege a genuine issue of material fact. After referencing his trial counsel's lack of communication, including meeting with her only once less than forty-five days before trial, Conaty's petition for post-conviction relief concluded that "[c]onsequently, he had lost confidence that he would be adequately represented if he had proceeded to trial" and accordingly entered a guilty plea. Upon review of Conaty's petition and the record, the district court held that although Conaty "claimed that he did not feel confident to proceed to trial given his attorney's lack of communication . . . [,] the record is clear that he did in fact proceed to trial, which ended in a mistrial." The district court found that Conaty was referring to the April 2017 trial when he asserted that he had only met with his trial counsel once before trial and that the two letters from Conaty's trial counsel were dated months before Conaty's April 2017 trial. Because Conaty subsequently proceeded to trial despite the alleged communication deficiencies, the district court correctly concluded there was no genuine issue of material fact regarding the prejudice prong of Conaty's claim as it related to any lack of communication prior to the trial.

To the extent Conaty contends that his trial counsel's alleged communication deficiencies continued after the April 2017 trial and resulted in his decision to enter a guilty plea, Conaty provided no evidence, or reason for lack of evidence, to establish a genuine issue of material fact of either deficient performance or prejudice, as required under *Strickland*. Additionally, the record disproves this claim. At the change of plea hearing, trial counsel indicated she had reviewed all the discovery with Conaty, advised him of his rights, considered all possible lawful defenses, and reviewed the plea agreement and all practical options with Conaty. When asked by the district court if he had signed the guilty plea advisory form "freely, voluntarily and truthfully and after

5

satisfactory assistance and consultation with" his trial counsel, Conaty affirmed that he had. Conaty further agreed that his trial counsel had "satisfactorily explained everything" to him. Because Conaty provided no evidence of lack of communication and the record demonstrates otherwise, Conaty cannot establish deficient performance of trial counsel. Thus, the district court correctly concluded that there was no genuine issue of material fact regarding Conaty's claim of deficient performance.

Like the deficient performance prong, Conaty did not present a genuine issue of material fact that he was prejudiced by his trial counsel's alleged communication deficiencies, as required under the second prong of *Strickland*. Conaty claims he was prejudiced because, if not for his trial counsel's alleged communication deficiencies, he would have proceeded to trial instead of pleading guilty. However, the district court found that Conaty "failed to specifically set forth how more time with his attorney would have changed his decision to plead guilty given his statements made under oath that he believed he had sufficient time to discuss pleading guilty with his attorney." This finding is supported by the record.

Further, it was Conaty's burden to establish a genuine issue of material fact, with evidence and argument, that he would have rejected the plea agreement (which reduced the possible length of prison time Conaty faced) and pursued a second trial but for trial counsel's alleged communication deficiencies. Conaty has provided neither argument nor evidence to support such a claim but instead, simply claims he would not have pleaded guilty. Without such evidence, Conaty's contention is bare and conclusory; consequently, he has failed to establish any prejudice. Accordingly, the district court correctly dismissed Conaty's claim, finding no genuine issue of material fact on the prejudice prong.

Finally, Conaty asserts that his trial counsel's lack of preparedness at the April 2017 trial "could have" compounded his concerns about the consequences of proceeding to another trial. However, Conaty did not raise this claim in his petition for post-conviction relief nor is this speculative claim supported by any argument or authority. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, we decline to consider this argument.

## IV.

## CONCLUSION

Conaty's claim of ineffective assistance of trial counsel for failure to communicate did not raise a genuine issue of material fact because his assertions were bare, conclusory, not supported by evidence, and were contradicted by the record. Accordingly, the district court did not err in dismissing Conaty's petition for post-conviction relief. The judgment summarily dismissing Conaty's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.