**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48879**

| | |
|---|---|
| MICHELLE RENE DESCHARME, )<br>)<br>Petitioner-Appellant, )<br>)<br>v. )<br>)<br>STATE OF IDAHO, )<br>)<br>Respondent. )<br>) | **Filed: November 29, 2022**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Michelle Rene Descharme, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Michelle Rene Descharme appeals from the district court's judgment dismissing her amended petition for post-conviction relief. Because Descharme did not identify any specific error by the district court, did not support her claims with authority or citation to the record, and failed to establish that her attorney rendered deficient performance and she was prejudiced by the alleged deficient performance, the district court did not err and the judgment dismissing Descharme's amended petition is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Descharme was charged with multiple cases in Twin Falls County. During the pendency of the Twin Falls County cases, Descharme also had felony charges pending in Bannock, Bingham, Minidoka, and Ada Counties. Pursuant to a plea agreement, Descharme entered guilty pleas in two Twin Falls County cases; in the first case, she pleaded guilty to issuing a check without funds,

1

and in the second case, she pleaded guilty to forgery with a persistent violator enhancement. Following the entry of her guilty pleas, Descharme terminated the services of her retained trial attorney and was appointed an attorney. Descharme was sentenced to three years determinate for issuing a check without funds and a unified sentence of eleven years, with five years determinate, for forgery with a persistent violator enhancement, with the sentences to run concurrently.

Following sentencing, Descharme filed a petition for post-conviction relief. The district court appointed counsel and an amended petition for post-conviction relief was filed. Descharme made four claims in her amended petition. She alleged her retained trial attorney rendered ineffective assistance of counsel because he failed to: (1) timely submit an application for Descharme to be considered for mental health court; (2) adequately address the involvement of her boyfriend/co-defendant, John May, at sentencing; and (3) provide her with and review all of the discovery in her cases. She also alleged her guilty plea was not knowingly, intelligently, and voluntarily entered. The State filed an answer, raising various affirmative defenses. The district court held an evidentiary hearing at which Descharme and her retained trial attorney testified. Thereafter, the district court entered judgment and dismissed Descharme's amended petition for post-conviction relief. Descharme timely appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## III.

## ANALYSIS

Descharme raises three issues on appeal. She claims her retained trial attorney was ineffective because: (1) he did not file the proper paperwork for mental health court when she asked him to; (2) there was mitigating evidence regarding John May that, if presented or pursued, would have resulted in a different outcome; and (3) he did not give her a complete copy of the whole discovery and had he done so, she would have pursued things differently. In response, the State argues that, on appeal, Descharme fails to: (1) identify any error by the district court; (2) support any claims with cogent argument or authority; and (3) challenge deficient performance and, thus, there is an alternative ground upon which the judgment must be affirmed.[1] Additionally, the State argues the claims fail on the merits.

Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Michalk v. Michalk*, 148 Idaho

---

[1] On appeal, Descharme does not challenge the district court's conclusions regarding the nature of her guilty plea; consequently, we need not address the district's findings on this issue.

224, 229, 220 P.3d 580, 585 (2009).  Thus, although Descharme is pursuing this appeal pro se, she must meet the same standards as those represented by counsel, including compliance with the Idaho Appellate Rules.

As the appellant, Descharme has the burden of alleging and showing in the record an error by the district court in her post-conviction proceeding.  *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985).  Assignments of error not asserted with particularity and supported with sufficient authority are too indefinite to be considered on appeal.  I.A.R. 35(a)(6) (argument section of brief shall contain argument of appellant with citations to authorities, statutes, and parts of transcript and record relied upon); *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010) (where appellant fails to assert assignments of error with particularity and support his position with sufficient authority, those assignments of error are too indefinite to be heard by court).  Thus, a general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue, *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010), and we will not search the record on appeal for error.  *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003).  To the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived.  *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).  Moreover, a party waives an issue on appeal if either argument or authority is lacking.  *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Descharme's appellant's brief is devoid of any claim, argument, or citation to authority that identifies any error made by the district court.  Although she provides a table of authorities, the cases are neither cited in the argument section of her brief nor generally referenced for any legal holding.  Her argument consists entirely of the following paragraph:

> I feel strongly that had the mitigating evidence [been] provided to the Detective[, it] would have shown that there was another person involved which could have changed things.  Had I been given my complete discovery and not apparent pieces, I could have had all the information provided from the State's evidence.  I also believe that I could have had a chance for mental health court if given the opportunity to request an application at the right time of court hearings.

Nothing in that paragraph provides this Court with information about how or why the district court erred in dismissing her amended post-conviction petition.  While a generous reading of Descharme's argument could include an interpretation that she addressed the district court's conclusion that she failed to establish the *Strickland* prejudice prong, nothing in this paragraph

4

pertains to the district court's findings that she also failed to establish the deficient performance prong on each of her claims she raises on appeal. It is well established that to prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient *and* that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self*, 145 Idaho at 580, 181 P.3d at 506. Because Descharme fails to challenge the district court's finding regarding her attorney's performance, her argument on appeal necessarily fails.

In sum, Descharme failed to identify any error by the district court, support her claims with argument and authority, or address the district court's conclusion that she failed to establish that her retained attorney performed below an objectively reasonable standard. These deficiencies are fatal to her claims on appeal. Consequently, the district court's judgment dismissing Descharme's amended petition for post-conviction relief is affirmed.

## IV.

## CONCLUSION

Descharme failed to establish any error in the district court's dismissal of her amended petition for post-conviction relief. The district court's judgment dismissing the amended petition is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

5