# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50744

KENDRICK DEWAYNE ROBINSON,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**Filed:  July 11, 2024**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Roger B. Harris, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Waldron Legal, PLLC; Maya P. Waldron, Boise, for appellant.  Maya P. Waldron argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

---

GRATTON, Chief Judge

Kendrick Dewayne Robinson appeals from the district court's order summarily dismissing his petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Law enforcement stopped Robinson for speeding.  Following an investigation, officers discovered over four hundred grams of methamphetamine and approximately $8,500 in cash on Robinson's person.  Robinson was charged with trafficking in methamphetamine.  Idaho Code § 37-2732B(a)(4)(c).

At trial, the State suggested Robinson was operating as a "mule" to transport drugs.  The only contested element of the charge was whether Robinson knew about the drugs found in the car.  The State offered testimony of the arresting officers who observed a number of indicia of

1

drug trafficking during the stop, including that traffickers often use rental cars; food wrappers and energy drink bottles which may be associated with traffickers attempting to quickly get to their destination; very little luggage; phone calls to others in the operation during the traffic stop; nervousness; and a large amount of cash, roughly $8,500 found in small bills in Robinson's pockets. Robinson testified he was visiting family and borrowed a rental car from his brother. Robinson claimed he left his job as a manager of a grocery store and wanted to have fun before opening a beauty supply business. Robinson asserted he did not know there were drugs in the car and was traveling to Las Vegas to gamble. The jury found Robinson guilty. This Court later affirmed Robinson's conviction. *State v. Robinson*, Docket No. 48837 (Ct. App. Jan. 14, 2022) (unpublished).

Robinson filed a petition for post-conviction relief alleging his trial counsel was ineffective. The State moved to summarily dismiss Robinson's petition. After a hearing, the district court granted the State's motion. Robinson appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Robinson asserts the district court erred in denying his petition for post-conviction relief. Robinson claims his trial counsel provided ineffective assistance because trial counsel did not obtain and introduce evidence at trial that would have corroborated his defense theory that he unknowingly transported methamphetamine. Robinson argues his trial counsel's failure to develop evidence cannot be characterized as a strategic decision because trial counsel never knew the extent of the evidence's exculpatory value. The State argues Robinson failed to support his claim with admissible evidence or alleged facts demonstrating either deficient performance or prejudice.

2

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient, and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.

3

*Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231(Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. A reasonable probability of a different outcome is a probability sufficient to undermine confidence in the outcome. *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013). This "requires a substantial, not just conceivable, likelihood of a different result." *Id.* (internal quotations omitted).

Tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). Because "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight," a petitioner seeking post-conviction relief for a claim of ineffective assistance of trial counsel must overcome the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689-90; *State v. Abdullah*, 158 Idaho 386, 418, 348 P.3d 1, 33 (2015). "[S]trategic decisions are virtually unchallengeable if made after a thorough investigation of law and facts relevant to plausible options. Decisions made after less than complete investigation are still reasonable to the extent reasonable professional judgments support the limitations on investigation." *Abdullah*, 158 Idaho at 418, 348 P.3d at 33 (internal citations and quotations omitted). The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008).

Robinson asserts his trial counsel performed deficiently by failing to obtain and introduce evidence that corroborated his testimony and supported his defense regarding the only contested element: knowledge of the presence of methamphetamine in the vehicle. Specifically, Robinson alleges his trial counsel was ineffective for failing to: (1) introduce car rental documentation to rebut the State's argument that drug traffickers often use rented cars and to call Robinson's brother Lawrence to testify about the rental car arrangement; (2) call Ms. Gray, Robinson's ex-girlfriend,

4

to testify that she spoke with Robinson during the police encounter to refute an inference that calls he made during the stop were related to drug trafficking; (3) introduce Robinson's bank records to show that the money found in his possession was withdrawn from his savings account and was not from drug sales; and (4) introduce Robinson's casino membership cards to corroborate his claim that the cash in his possession was related to his purported destination of Las Vegas to gamble rather than trafficking proceeds. Robinson argues the omitted evidence corroborated his testimony and rebutted or explained what the officers testified was indicia of drug trafficking.

The district court held Robinson failed to establish a genuine issue of material fact that his trial counsel was ineffective, and the court summarily dismissed Robinson's claims. The district court found that trial counsel's decisions reflected strategic choices and that it was not "deficient for trial counsel to fail to introduce evidence which, even if it corroborated some of Robinson's testimony, did not call into question or challenge the material elements of the offense charged." The district court determined the evidence showed Robinson was the sole occupant of the vehicle, had little clothing for a long trip, had food wrappers and bottles strewn across the passenger seat area, told a conflicting travel route narrative, and the narcotics were discovered in close proximity to his belongings. Accordingly, the district court held Robinson's allegations were unsupported and, thus, an evidentiary hearing was not required.

As an initial matter, there is no dispute as to what the facts are, but rather, whether the facts, if true, allege a prima facie case of deficient performance and prejudice. Because of the presumption that trial counsel's trial decisions are tactical or strategic, Robinson must demonstrate facts that would rebut that presumption. Here, Robinson did not allege that his counsel failed to investigate certain pieces of evidence; but rather, counsel failed to develop and introduce known evidence. Thus, there are no contested factual allegations for this Court to construe, liberally or otherwise, or draw reasonable inferences therefrom. When examining trial counsel's choice of witnesses, manner of cross-examination, and objections, we generally *presume* the performance was within the range of acceptability as tactical or strategic decisions. *Marsalis v. State*, 166 Idaho 334, 340, 458 P.3d 203, 209 (2020); *Thumm v. State*, 165 Idaho 405, 413, 447 P.3d 853, 861 (2019).

At trial, the State claimed traffickers often used third-party rental cars. Robinson testified that he did not thoroughly examine the rental car, had spent two days in Washington before heading to Las Vegas, and was not the only person who had access to the rental car. Robinson asserted

5

that Lawrence rented the car because his car had been in an accident. When Lawrence's car was repaired earlier than anticipated, he allowed Robinson to use the rental car. Robinson claims that the rental car agreement and the repair invoice for Lawrence's car should have been admitted by trial counsel at trial to bolster his testimony. The State asserts the disputed evidence hurts as much as helps Robinson's claim and does not address whether Robinson knew of the drugs in the car. The rental agreement started long after Lawrence dropped off his car for repairs, suggesting the purpose of the rental was not prompted by the repair. The rental agreement provided a return date, three days before Lawrence picked up his car and five days before Robinson was arrested, contradicting Robinson's claim that there was more time left on the rental. The State also points out that Robinson was not a permitted driver on the rental agreement. As noted, Robinson does not claim that his trial counsel was unaware of the rental car circumstances. Thus, we presume trial counsel's decision not to use the rental car documentation was strategic and not based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.[1]

Robinson asserts his trial counsel was ineffective for failing to interview or call Gray at trial. The arresting deputy testified that while Robinson may have been talking to Gray at one point, he appeared to contact several people during the stop, which inferred that Robinson called trafficking cohorts. Robinson testified he did not call trafficking collaborators but maintained one call with Gray during the stop. Gray's declaration states that she was talking to Robinson before and at the time of the stop. The district court determined that Gray would not have offered material testimony. "[W]hether Robinson was on the phone at the time of the traffic stop, and/or to whom he was talking, are not facts this Court finds to be material nor something that would have changed the facts upon which the jury relied to convict him." The district court found the substantive facts for the jury concerned trafficking charges, not to whom Robinson was talking. Moreover, nothing in the Gray declaration forecloses that Robinson also talked to other individuals on the phone during the stop. The choice of witnesses and the manner of examination are matters within the

---

[1] Robinson also claimed that trial counsel should also have called Lawrence to testify about Robinson's gambling habits. However, Robinson presents no argument as to Lawrence not being called to testify about his gambling habits. Moreover, the decision not to call Lawrence was reasonable and did not prejudice Robinson because he testified about his own gambling habits.

discretion of trial counsel. We will not second-guess counsel's strategic decision not to call Gray to rebut the deputy's testimony.

The officers testified that carrying bundles of about $8,500 in various denominations is indicative of drug trafficking. The State introduced Facebook posts from Robinson from February 2019 which contained screenshots of debits from Robinson's bank account with a balance of less than $200. Robinson claims that trial counsel was ineffective in failing to obtain and introduce his bank records. Robinson testified that the money was for gambling and that he had withdrawn the money from his savings account and the screenshots related to his checking account. The records he contends support his claim are from August 2018, February 2019, and May to June 2019. The district court found Robinson failed to present evidence sufficient to satisfy either *Strickland* prong regarding the bank records claim. The district court found Robinson had produced records of large cash withdrawals from May but not the weeks or days leading up to the stop in October. Moreover, at trial, Robinson testified that his latest large withdrawal was in July. The records do not support his claim as they do not relate to July withdrawals.[2] Thus, the district court correctly found because the available evidence and testimony did not explain why Robinson had large sums months after his July withdrawal, and was, thus only marginally relevant, that trial counsel did not present it was part of sound trial strategy.

Robinson claims that trial counsel was ineffective for failing to introduce his casino player cards. That evidence might have corroborated Robinson's gambling and driving route but would not have called into question any of the material elements of the trafficking charge. Robinson asserts the evidence that corroborated his testimony goes to the knowledge element because it showed he innocently and unknowingly transported the drugs while he had a legitimate story for his trip. Evidence of Robinson's gambling does not rebut the State's evidence indicating he operated as a trafficker even if it aligned with Robinson's story. Again, as noted, Robinson does not allege that his trial counsel was not aware of this purported evidence. Thus, we presume that trial counsel did not pursue the strategy in light of other related testimony, and in the face of the evidence that Robinson's belongings were in the back seat area, as was the methamphetamine.

Trial counsel's decision not to present certain evidence or bolster Robinson's credibility has not been shown to be based on inadequate preparation, ignorance of relevant law, or other

---

[2] In a footnote, Robinson states the July transaction records were inadvertently omitted from the record. This claim will not be considered, as it is not substantiated.

shortcomings capable of objective evaluation. Robinson's trial counsel exercised reasonable professional judgment determining the trial strategy, and thus, was not deficient. Arguing on appeal that a proposed tactic would have corroborated his story does not demonstrate deficient performance. Robinson does not claim that trial counsel was unaware of any of this purported evidence. As the State points out, the proposed evidence would not have refuted or undercut the State's evidence. Trial counsel chooses what theories to present to the jury, what evidence to offer, and was not required to bring forth all evidence Robinson now claims supports his preferred defense theory.

In regard to prejudice, Robinson claims that the district court erred in failing to evaluate the cumulative prejudicial effect of trial counsel's errors. *See Adamcik v. State*, 163 Idaho 114, 127, 408 P.3d 474, 487 (2017). As set forth above, Robinson has not shown error or deficiencies to cumulate. Moreover, any error adds little prejudice to the cumulative mix and the cumulative prejudice "does not provide a reasonable probability . . . sufficient to undermine confidence in the outcome, as *Strickland* requires." *Adamcik*, 163 Idaho at 127, 408 P.3d at 487 (internal quotations omitted). Robinson has failed to show an issue of material fact regarding prejudice based on a lack of substantial likelihood that the result of the trial would have been different had the proposed evidence been presented. Accordingly, the district court did not err in summarily dismissing Robinson's claim of ineffective assistance of counsel.

## IV.

## CONCLUSION

The judgment summarily dismissing Robinson's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.