(March 16, 1891.)

## JONES v. WOOLLEY ET AL.

[26 Pac. 120.]

OBLIGATION OF CORPORATION—STOCKHOLDERS LIABLE ON CONTRACT.— The following instrument in writing was issued by the president and manager of a corporation:

"Montpelier, Idaho, April 26, 1884.

"Be it known by these presents, that I, as manager and president of this institution, do agree to refund to Jacob Jones the sum of $926.80/100 dollars, at one year's notice from date of said notice. It is the understanding that this money shall draw what interest it makes in proportion to all the shares in the institution.       (Signed)     H. S. WOOLLEY."

Held, that it was the obligation of the corporation, and that an action could be maintained thereon by the payee named therein against the stockholder under section 2609 of the Revised Statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

Smith & Smith, for Appellant.

The contract sued on is an unconditional promise to pay money; it is, in fact, a promissory note. (Tiedeman on Commercial Paper, sec. 6.) Defendants, as stockholders, were liable. (*Morrow v. Superior Court,* 64 Cal. 384, 1 Pac. 354.) The

stockholders are not sureties for the corporation, but are principal debtors. Insolvency of the corporation need not be alleged. (*Bank v. Hill,* 59 Cal. 107; *Mitchell v. Beckman,* 64 Cal. 117, 28 Pac. 110.)

R. S. Spence, Hawley & Reeves, and Kimball & White, for respondents.

This instrument can in no wise be construed but as a corporation obligation. "I, as the manager and president of this institution, do agree," etc. The restrictive word "as," doing away with the individual liability, makes it binding on the corporation alone. (Daniel on Negotiable Instruments, 3d ed., sec. 406; *Blanchard v. Kaull,* 44 Cal. 440.) It cannot be anything but a certificate of stock, for it was "to bear interest as other shares of stock in the institution," and the general rule is that one who participates in the profits of a corporation, by receiving dividends, is held to be a stockholder, and the equities attaching to his title are things with which the company and its creditors in general have nothing to do. (Thompson on Liability of Stockholders, sec. 168.)

HUSTON, J.—This is an action instituted by the plaintiff against the defendant and several others as stockholders in "The Montpelier Co-operative Institution," alleged to be organized and existing under the laws of Idaho territory, under the provisions of section 2609 of the Revised Statutes. The answer denies any indebtedness by the defendant. Certain other defenses set up in the answer were stricken out on demurrer. The action is based upon a paper writing, as follows:

"Montpelier, Idaho, April 29, 1884.

"Be it known by these presents, that I, as manager and president of this institution, do agree to refund to Jacob Jones the sum of $926.80-100 dollars at one year's notice from date of said notice. It is the understanding that this money shall draw what interest it makes in proportion to all the shares in the institution.

(Signed)        "H. S. WOOLLEY."

Upon the trial the above paper was introduced, its execution proven, as was also the giving of the notice provided for therein, and the plaintiff then rested. Thereupon the defendant moved for a nonsuit, which was granted by the court. We are left to conjecture upon what principle of law, equity, or justice the court based its decision, as no reason is given in the record. The whole defense seems to be based upon the construction of the paper copied above, and this court is presented with a lengthy dissertation upon the word "refund," as defined by the various lexicographers. No attempt is made to disprove the paper or its contents, or to do away with the plain and palpable obligation to repay the money borrowed or received, upon compliance with the conditions prescribed in the paper writing. It is claimed by the defendant that "the instrument in question is a *prima facie* certificate of stock." An inspection of the paper is all that is necessary to show the absurdity of this proposition. In support of this latter contention the counsel of respondent cites Daniel on Negotiable Instruments, third edition, section 406, and *Blanchard v. Kaull,* 44 Cal. 440. A careful examination of these authorities fails to develop anything in support of the position of the respondent. On the contrary, they militate strongly against such a view; nor is this position supported by the authority quoted from Thompson on Liability of Stockholders. The paper writing does not make the plaintiff a stockholder in any sense. While the provision that "it is the understanding that this money shall draw what interest it makes in proportion to all shares in the institution" may have been intended by its author to place the plaintiff in the unfortunate position of a stockholder, the object fails when tested by the plain rules of justice, unaided by revelation. The corporation had the money of the plaintiff. They gave their legal written obligation to pay it, and, as the answering defendants appear from the evidence to have absorbed the assets of the corporation, it is only simple justice that they should "refund" their proportion of the money so received. The objection of respondent to the consideration of the evidence, which appears in the transcript by this court, we do not think is well taken. The evidence appears in the bill of exceptions, which was pre-

---

---

pared, settled, and served in due time, and is properly before us. Judgment of the court below reversed, and cause remanded for new trial.

Sullivan, C. J., and Morgan, J., concur.