**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48161**

| | |
|---|---|
| STEVEN ANTHONY POMRENKE, | ) |
| | ) **Filed: August 31, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Dennis A. Benjamin of Nevin, Benjamin & McKay, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Steven Anthony Pomrenke appeals from the judgment summarily dismissing a petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After patronizing a local bar, Pomrenke led officers on an early-morning, high-speed chase that ended when he collided with a semi-truck while traveling against oncoming traffic. Pomrenke was transported to a local hospital, but his passenger died at the scene. Two subsequent breath tests indicated that Pomrenke's blood alcohol content was .209 and .199, respectively. A jury found Pomrenke guilty of vehicular manslaughter, I.C. § 18-4006(3)(b), and driving without privileges, I.C. § 18-8001(3). This Court affirmed Pomrenke's judgment of

1

conviction and sentences in an unpublished opinion. *State v. Pomrenke*, Docket No. 45561 (Ct. App. Dec. 31, 2018).

Pomrenke then filed a petition for post-conviction relief, asserting various allegations of ineffective assistance of counsel. The State and Pomrenke each moved for summary disposition. The district court summarily dismissed Pomrenke's petition for post-conviction relief. Pomrenke appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal in a post-conviction case, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Pomrenke argues that the summary dismissal of his ineffective assistance of counsel claims was error because the record "establishes a *prima facie* case" of a violation of his right to effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 688 (1984) and "conclusively shows" that prejudice to him should be presumed under *United States v. Cronic*, 466 U.S. 648 (1984). The State responds that Pomrenke has waived or failed to preserve certain aspects of the issues he raises on appeal and that summary dismissal of his petition was proper. We hold that Pomrenke has failed to show error in the summary dismissal of his petition for post-conviction relief.

### A. Ineffective Assistance of Counsel

Pomrenke contends that the district court erred by summarily dismissing his allegations of ineffective assistance of counsel under *Strickland*. Claims for post-conviction relief may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to

each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Generally, to prevail on an ineffective assistance of counsel claim, a petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Pomrenke asserts that he established a prima facie case that his trial counsel was ineffective for failing to call available witnesses, to seek an unconscious-act defense jury instruction, and to give an adequate opening statement or closing argument. We address each allegation in turn.

### 1. Failure to call witnesses

Pomrenke argues that the district court erred in summarily dismissing his allegation that trial counsel was ineffective by failing to call witnesses to support an involuntary intoxication defense. In support of this argument, Pomrenke points to two witnesses (himself and a woman who saw him at the bar prior to the accident) whose testimony allegedly would have established that defense. Pomrenke explains that his counsel's "theory of the case was involuntary intoxication" and that, without testimony from Pomrenke and the woman, "there was absolutely no evidence to support that theory."

The decision of what witnesses to call at trial is strategic or tactical. *Bagshaw v. State*, 142 Idaho 34, 38, 121 P.3d 965, 969 (Ct. App. 2005). When evaluating an ineffective assistance of counsel claim, this Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decisions are shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review. *Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000). In addition, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Murray v. State*, 156 Idaho 159, 164, 321 P.3d 709, 714 (2014).

Pomrenke's petition alleges that, after the trial court rejected his request for a jury instruction on the defense of involuntary intoxication, he gave an offer of proof to establish what he would have testified to in support of the defense. Pomrenke's testimony described what he remembered drinking at the bar prior to the accident. Specifically, Pomrenke testified that, after arriving at the bar, he ordered a "[s]chooner full of red beer[1]"and around 10 p.m. the victim bought him "a shot[2]." Pomrenke further testified that he could not remember anything between taking that shot and waking up at the hospital the next morning. The State responded to this offer of proof at trial by noting Pomrenke's history of alcohol abuse and by providing the trial court with Pomrenke's post-accident medical records, which indicated only the presence of alcohol and cannabis. Ultimately, Pomrenke was not called as a witness at trial in light of the trial court's limitations on what he could argue from his testimony.

In support of his petition, Pomrenke also submitted an affidavit from a woman who saw him at the bar on the night of the accident. In pertinent part, the woman averred that she observed the "bartender place something into Mr. Pomrenke's red beer" after speaking with "some questionable characters, i.e., some people who are believed to be local drug dealers." The

---

[1] Pomrenke testified that the "red beer" was between sixteen and thirty-two ounces of beer mixed with Clamato juice.

[2] Pomrenke could not testify to the exact contents of the shot he received, but assumed that it was some type of alcohol.

4

woman further averred that Pomrenke was at the bar when she left at 11:00 p.m. and did not appear to be under the influence of alcohol and that she recounted her observations to a defense investigator, but was not subpoenaed or called to testify during Pomrenke's trial.

The district court concluded Pomrenke failed to show that trial counsel was deficient for failing to call witnesses to support an involuntary intoxication defense. In support of this conclusion, the district court observed that "Pomrenke was charged with having a blood alcohol content exceeding Idaho's legal limit and causing the death of [the victim]." The district court then reasoned that "allegations that something was placed into a beer by a bartender [are] wholly irrelevant to the blood alcohol content of Pomrenke almost three hours later, and whether [the victim] died the next morning while Pomrenke was driving." Consequently, the district court summarily dismissed this ineffective assistance of counsel claim.

On appeal, Pomrenke concedes that his testimony alone was insufficient to warrant an involuntary intoxication jury instruction, but faults the district court for speculating that the trial court "would have rejected the involuntary intoxication defense" had the woman testified because "the evidence did not negate either the driving or intoxication elements of the offense." Pomrenke also acknowledges that the trial court barred him from arguing to the jury that he was involuntarily intoxicated and had excluded other testimony proffered in support of that defense as irrelevant.[3] However, Pomrenke contends that, unlike the other excluded testimony, the woman's testimony was relevant and "directly supportive of the involuntary intoxication defense" because she "could testify that she saw the bartender place something in Mr. Pomrenke's drink." Moreover, Pomrenke further asserts that the woman's testimony would have rendered both his testimony and that of the other excluded witnesses relevant. Thus, Pomrenke concludes he was entitled to an evidentiary hearing on whether his counsel was deficient for failing to have the woman testify. We disagree.

Pomrenke's trial counsel cannot be deficient for failing to call a witness to present irrelevant evidence. *See State v. Jones*, 160 Idaho 449, 452, 375 P.3d 279, 282 (2016)

---

[3]     Pursuant to a pretrial motion in limine by the prosecution, the trial court excluded as irrelevant and unfairly prejudicial testimony from two other individuals who were with Pomrenke at the bar on the night of the offense, alleging that they fell ill after drinking at the bar and that someone must have "slipped them a drug."

(observing that defendants are not entitled to present irrelevant evidence). To be relevant, the woman's testimony had to make a fact of consequence more or less probable than it otherwise would have been. *See* I.R.E. 401. Proffered evidence is irrelevant if it tends to prove or disprove a fact of consequence only through speculative inferences. *See State v. Robinett*, 141 Idaho 110, 113, 106 P.3d 436, 439 (2005) (holding numeric results of blood alcohol testing irrelevant in impairment theory driving under the influence case in the absence of evidence correlating the results to the time of the accident and how the particular blood alcohol level affected the defendant's driving).

On appeal, Pomrenke asserts that his counsel could have presented sufficient evidence for the jury to infer that a "concentrated form of alcohol, like powdered alcohol" was surreptitiously added to his drink by the bartender and "could have raised his alcohol level above the expected levels both at the time of driving and at the time of the breath test." However, based upon the evidence in the record, jurors could not have drawn this inference without resorting to speculation. Although the woman, according to her affidavit, could testify that *something* was placed into Pomrenke's red beer, the testimony by itself cannot support an inference that the "something" was a concentrated form of alcohol. The woman did not describe the item slipped into Pomrenke's red beer in her affidavit, nor did she describe any change in Pomrenke's behavior after he consumed the drink. Moreover, Pomrenke presented no evidence regarding what, if anything, he consumed during the three hours that elapsed between 11 p.m. when the woman left the bar and the collision that killed the victim.[4] Thus, without speculating as to whether Pomrenke voluntarily drank other alcoholic beverages during that time, jurors could not deduce that the substance slipped into Pomrenke's red beer was a concentrated form of alcohol.

In short, Pomrenke failed to present evidence, either direct or circumstantial, of the *identity* of the substance allegedly placed in his red beer. The evidence in the record (including the woman's affidavit) could support multiple inferences regarding the identity of the item allegedly placed into Pomrenke's drink, none more probable than the other. Even when viewed in the light most favorable to Pomrenke, all the evidence in the record would not allow a jury to draw the inference that the bartender surreptitiously combined Pomrenke's red beer with

---

[4]     As previously stated, Pomrenke's offer of proof indicates that he had no recollection of the night of the offense after about 10 p.m.

concentrated alcohol without resorting to speculation. Consequently, Pomrenke has failed to show that the woman's testimony was relevant to establishing that he was involuntarily intoxicated. *See id*. Accordingly, Pomrenke has failed to show error in the summary dismissal of this claim.

### 2.     Jury instruction

Pomrenke's petition alleges his trial counsel was ineffective by failing to request a jury instruction on the unconscious act defense. The district court dismissed the claim because the "only theory in the record that might support [an unconscious act] defense is involuntary intoxication" and the trial court had barred Pomrenke from arguing he was involuntarily intoxicated. Stated differently, the district court summarily dismissed the claim because the only apparent cause of Pomrenke's alleged unconsciousness was *voluntary* intoxication. On appeal, Pomrenke argues the summary dismissal was error because "the trial court would have given" Idaho Criminal Jury Instruction 1507[5] "had defense counsel asked it to do so," and there is a reasonable probability the jury would have acquitted Pomrenke on this basis. We disagree.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). This necessarily includes instructions on the "nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted." *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004). A requested instruction on governing law must be given where: (1) it properly states the governing law; (2) a reasonable view of the

---

[5]     Idaho Criminal Jury Instruction 1507 describes the unconscious act defense and reads:

A person who commits what would otherwise be a criminal act without being conscious of committing the act is not guilty of a crime.

Evidence has been received which may tend to show that the defendant was not conscious of committing the act for which the defendant is here on trial. If after a consideration of all the evidence you have a reasonable doubt that the defendant was conscious of committing the act at the time the alleged crime was committed, the defendant must be found not guilty.

evidence would support the defendant's legal theory; (3) the subject is not adequately covered by other instructions given to the jury; (4) and the instruction does not constitute an impermissible comment on the evidence. *State v. Fetterly*, 126 Idaho 475, 476-77, 886 P.2d 780, 781-82 (Ct. App. 1994).

Even accepting Pomrenke's assertion that "there is no dispute" the first, third and fourth elements of this test are satisfied, there is still insufficient evidence in the record to satisfy the second element. Pomrenke contends that two portions of his testimony during his offer of proof provide "some evidence" that he "was not conscious [when] he was driving" and this would satisfy the second element. Specifically, Pomrenke testified that the last thing he remembers from the night of the accident is seeing that a clock in the bar read 10:04 p.m. while drinking a shot and that he did not remember driving, crashing through power poles, or hitting a truck afterward. A reasonable view of this evidence, however, cannot support an unconscious act defense for two reasons. First, memory loss, by itself, is insufficient to compel issuance of an unconscious act instruction. *See State v. Caddell*, 215 S.E.2d 348, 360-61 (N.C. 1975) (observing that amnesia, by itself, is not a defense to a crime); *Polston v. State*, 685 P.2d 1, 11 (Wyo. 1984) (holding that concussion and lack of memory are insufficient, by themselves, to establish that the defendant was acting in an automatic state). Defendants may be fully aware while engaging in criminal conduct, but subsequently fail to recall any of the events. This failure to recall may arise from various sources, such as injuries sustained during or after the criminal conduct. Second, even if we consider the possibility that Pomrenke's elevated blood alcohol content at the time of the offense may have caused his alleged memory loss, he still would not be entitled to an unconscious act defense instruction. Unconscious acts arising from voluntary intoxication are not a defense. *See* I.C. § 18-116 (intoxication no excuse for crime); I.C. § 18-201(2) (unconscious of criminal act); *State v. Gish*, 87 Idaho 341, 357, 393 P.2d 342, 351 (1964) (observing that statutes exempting from criminal liability individuals who committed a crime while unconscious, when construed in conjunction with statutes related to criminal capacity of those voluntarily intoxicated, do not include those who are voluntary intoxicated) *overruled in part on other grounds by State v. White*, 93 Idaho 153, 159, 456 P.2d 797, 803 (1969). As discussed above, Pomrenke did not carry his burden of presenting sufficient evidence to support a finding that he was entitled to an involuntary intoxication instruction. Consequently,

8

Pomrenke has failed to show that the district court erred in summarily dismissing his allegation that trial counsel was ineffective by failing to request an unconscious act defense instruction.

### 3. Opening statement

Pomrenke's petition alleges his trial counsel was ineffective by foregoing an opening statement. The district court summarily dismissed this claim, concluding the claim failed under both prongs of the *Strickland* test. According to Pomrenke, the summary dismissal was error because his trial counsel's "failure to present a defense theory in opening statements so that the jury could put the [S]tate's evidence in proper context was unreasonable." We disagree.

Whether and when to present an opening statement is a tactical decision that will not be second-guessed on appeal without evidence of inadequate preparation, ignorance of relevant law, or other shortcomings susceptible to objective evaluation. *State v. Abdullah*, 158 Idaho 386, 503, 348 P.3d 1, 118 (2015). When evaluating an attorney's decision to reserve opening argument, the critical inquiry is whether the decision was reasonable when made. *Id.*

Pomrenke's counsel initially reserved the right to make an opening statement after the prosecution rested its case. When the prosecution rested, it renewed a prior motion for a ruling that Pomrenke could not raise involuntary intoxication as a defense and that evidence supporting that defense was inadmissible. After the district court determined there was insufficient evidence "to allow the defense to assert some type of involuntary intoxication defense" and Pomrenke gave his offer of proof in relation to that issue, he rested his case without presenting an opening statement or any evidence.

These facts do not generate a genuine issue of fact regarding whether trial counsel's decision to forego an opening statement was unreasonable. Trial counsel did not initially waive opening statement but, rather, chose to reserve it and wait to hear the prosecution's evidence. After the trial court ruled that Pomrenke could not argue that he was involuntarily intoxicated, trial counsel chose not to call any witnesses. The purpose of an opening statement is to outline the evidence that will be presented during trial. *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring); *see also State v. Griffith*, 97 Idaho 52, 56, 539 P.2d 604, 608 (1975). "[I]t is not an occasion for argument." *Dinitz*, 424 U.S. at 612 (Burger, C.J., concurring). The decision to forego an opening statement is not unreasonable where the defendant has no evidence to adduce. *See State v. Kraft*, 96 Idaho 901, 905, 539 P.2d 254, 258

9

(1975). Pomrenke has failed to show that there was evidence available to support an involuntary intoxication defense that trial counsel failed to present.[6] Accordingly, the district court did not err in summarily dismissing this claim.

### 4. Closing argument

Pomrenke's petition also alleges that trial counsel was ineffective by failing to give an adequate closing argument. At the conclusion of trial in the underlying criminal action, Pomrenke's counsel gave the following, one-paragraph closing argument:

> Well, all of us in the country are guaranteed the right to a full and fair trial. That is all Mr. Pomrenke has asked for, and that is all that he has received. He has faith in this process, and he has faith in this jury. He will honor this jury by honoring whatever verdict you come to.

The district court summarily dismissed Pomrenke's claim that this closing argument constituted ineffective assistance because Pomrenke failed to "point to what arguments should have been made at trial" or "show that a different closing argument would have likely resulted in a different outcome at trial." On appeal, Pomrenke concedes that, as actually presented below, his case left trial counsel with "absolutely nothing meaningful to say" during closing argument. However, Pomrenke faults the closing argument for "failing to explain how [he] could be found not guilty." He argues that, had trial counsel "presented the available and admissible evidence in support of the involuntary intoxication or unconscious act defenses (or both), his closing would have been in support of an actual defense to the charge."

Closing argument is counsel's opportunity to "sharpen and clarify issues for resolution by the trier of fact" as only then, with all the evidence submitted, is it possible to "argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions." *Herring v. New York*, 422 U.S. 853, 862 (1975). A trial counsel's decision to waive

---

[6] Pomrenke also argues that the State "admitted the truth" of the allegations that his counsel had evidence to support an involuntary intoxication and unconscious act defense in its answer. However, the State gave Pomrenke notice of the alleged deficiencies in his petition in moving for summary dismissal. Summary dismissal is proper when the petitioner has not presented *evidence* making a prima facie case as to each essential element of the claims. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281. Moreover, Pomrenke has not cited legal authority to support the proposition that it was error to summarily dismiss this allegation despite alleged admissions in the State's answer. Thus, we will not address this argument further because Pomrenke has waived it. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

closing argument on a client's behalf does not, by itself, constitute ineffective assistance of counsel. *See Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (observing that the waiver of opening or closing is a "commonly adopted strategy"). If waiving closing argument entirely does not, by itself, constitute ineffective assistance, neither does the brevity of closing argument. Pomrenke does not proffer an alternative closing argument that trial counsel should have given based on the evidence presented. Rather, Pomrenke's assertions regarding the deficiencies in trial counsel's closing argument are premised on evidence that was not presented at trial. Pomrenke's counsel cannot be deficient for failing to argue evidence not presented or a defense foreclosed by the trial court's ruling. *Cf. State v. Fee*, 124 Idaho 170, 177, 857 P.2d 649, 656 (Ct. App. 1993) (observing that counsel need not make futile or needless objections). Accordingly, Pomrenke has failed to show error in the summary dismissal of his claim that counsel was ineffective based upon the brevity of his closing argument.

## B.     Presumption of Prejudice

As previously stated, to prevail on a claim of ineffective assistance of counsel, a petitioner must generally show that his or her attorney's performance was deficient and that he or she was prejudiced by the deficiency. *See Strickland*, 466 U.S. at 687-88; *Self*, 145 Idaho at 580, 181 P.3d at 506. In limited circumstances, however, prejudice from deficient performance may be presumed. *See Florida v. Nixon*, 543 U.S. 175, 190 (2004); *Cronic*, 466 U.S. at 658-62. The United States Supreme Court has explained that prejudice might be presumed in "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. The Court articulated three such circumstances: (1) where there is a "complete denial" of counsel at a critical stage of trial; (2) where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) where, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." *Id*. at 658-60; *see also Bell v. Cone*, 535 U.S. 685, 686 (2002); *Workman v. State*, 144 Idaho 518, 525-26, 164 P.3d 798, 805-06 (2007). To fall within the second *Cronic* exception, as advocated by Pomrenke, trial counsel's failure to test the prosecution's case must be *complete*. *See Bell*, 535 U.S. at 696-97. In other words, counsel

11

must have failed to oppose the prosecution throughout the proceeding--not merely at specific points. *See id.*

Pomrenke contends that summary dismissal of his petition was error because this "is one of those rare cases where *Cronic* applies" and that he was entitled to judgment in his favor. According to Pomrenke, the record establishes that trial counsel failed to subject the prosecution's case to meaningful adversarial testing. Pomrenke supports this argument by pointing to many of the particularized deficiencies addressed above. Specifically, Pomrenke alleges his trial counsel failed to subject the prosecution's case to meaningful adversarial testing when he:

> 1) reserved opening statement; 2) failed to attempt to establish a defense during cross-examination of state witnesses; 3) did not call any witnesses, including those on his witness lists to testify, in order to establish his involuntary intoxication defense; 4) did not have Mr. Pomrenke testify; 5) did not seek an unconscious act defense instruction; 6) failed to preserve his jury instruction objection for appeal[7]; and 7) gave a one paragraph closing argument, consisting of four sentences, none of which explained how Mr. Pomrenke could be found not guilty.

In summarily dismissing Pomrenke's petition for post-conviction relief, the district court noted that the "State's motion for summary dismissal addressed each of Pomrenke's ineffective assistance claims, essentially rebutting the *Cronic* argument." Additionally, the district court reasoned:

> Here, Pomrenke's trial counsel attempted to present an involuntary intoxication defense. He made arguments and an offer of proof to support his position. However, [the trial court] excluded the testimony of witnesses who

---

[7] Pomrenke did not allege this particular deficiency in his petition. On appeal, the State argues that Pomrenke failed to preserve this allegation and that there is no adverse ruling on it from the district court. Pomrenke responds that the State misapprehends this allegation. According to Pomrenke, the substance of this allegation is not that his trial counsel "did not object to the trial court's refusal to give [an involuntary intoxication] instruction" but, rather, that his trial counsel "failed to present available evidence which would have provided a factual basis for the trial court to give the instruction and appellate counsel to be able to raise a viable claim if needed." Interpreted this way, the allegation is, in essence, indistinguishable from Pomrenke's allegation that his trial counsel failed to call available witnesses to support the involuntary intoxication defense. Because the State does not contend that Pomrenke failed to preserve or obtain an adverse ruling regarding his counsel's alleged failure to call available witnesses, we will not address the State's preservation arguments further.

12

supported this defense in a well-reasoned memorandum and order. So, Pomrenke's trial counsel *did* subject the case to adversarial testing, albeit unsuccessfully. [Pomrenke's counsel] also objected to certain graphic evidence being presented in trial. There is insufficient evidence in this case to support a finding that [Pomrenke's counsel] was inadequately prepared, ignorant of the relevant law, or had other shortcomings capable of objective evaluation. As noted in headnote three of the *Cronic* decision, the "Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to a charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *Cronic*, 466 U.S. at 656-57.

Pomrenke asserts that the district court's analysis is erroneous in two ways. First, he argues, "there was a viable theory of defense which could have been presented." Second, he argues that, even if there was not a viable defense theory, his trial counsel's performance still falls within the second *Cronic* exception. Both arguments are unavailing.

Regarding Pomrenke's first argument, he does not expressly state what "viable theory of defense" his trial counsel could have presented. However, Pomrenke's entire discussion of this argument relates to alleged inadequacies in his trial counsel's attempts to assert an involuntary intoxication defense, reiterating the same arguments and evidence presented in support of his *Strickland* claim. We have already concluded that these arguments and evidence were insufficient to support an involuntary intoxication defense. In light of this, we cannot say that the circumstances leading to this particular allegation of deficient performance were so egregious as to effectively deny Pomrenke any meaningful assistance at all or create a situation so likely to prejudice him that the cost of litigating the existence of prejudice is unjustified. Thus, the allegation that Pomrenke's trial counsel failed to present a viable defense cannot support a presumption of prejudice under the second *Cronic* exception.

Pomrenke begins his second argument by pointing out that a footnote in *Cronic* observes that counsel must "hold the prosecution to its heavy burden of proof beyond a reasonable doubt" once a client decides to stand trial. *Id.* at 656 n.19. Pomrenke contends that, regardless of the existence of another viable theory of defense, his trial counsel "did not even attempt to hold the prosecution to its heavy burden of proof under *Cronic*." Other than adding the allegation that his trial counsel was deficient by failing to "attempt to establish a defense during cross-examination of state witnesses," however, Pomrenke only supports this contention by restating the arguments

13

he asserted to challenge the summary dismissal of his allegations of particularized deficient performance by trial counsel.

We have already held that the district court correctly determined that Pomrenke did not sufficiently support his allegations that trial counsel was deficient in his opening statement and closing argument, in calling witnesses, or in requesting jury instructions on affirmative defenses. The remaining unaddressed allegation of deficiency (i.e., inadequate cross-examination) similarly lacks sufficient support. In addressing this allegation, the district court observed that Pomrenke failed to "point to any alleged false testimony or to any specific questions or line of questions that likely would have provided favorable responses." Accordingly, the district court summarily dismissed the allegation because Pomrenke failed "to demonstrate that trial counsel was inadequately prepared, ignorant of relevant law, or had other shortcomings capable of objective review" or "that cross-examination of a particular witness would have resulted in a reasonable probability of a different result at trial." Pomrenke does not argue that this determination was error.

In light of the above, Pomrenke's second argument is also unavailing. Pomrenke failed to sufficiently support any of his allegations of deficient representation. Thus, we cannot say that the district court erred in concluding that the State had "essentially rebut[ted]" Pomrenke's claim that his trial counsel failed to subject the prosecution's case to meaningful adversarial testing. Additionally, without a viable allegation of deficient representation, there is no basis to conclude that Pomrenke was effectively denied any meaningful representation. Nor can we say there were circumstances so likely to prejudice Pomrenke that the cost of litigating their effect in a particular case is unjustified. *See Cronic*, 466 U.S. at 658. Pomrenke has failed to show that the district court erred in summarily dismissing his petition for post-conviction relief.

## IV.

## CONCLUSION

Pomrenke has failed to show error in the summary dismissal of any of his ineffective assistance of counsel claims. Accordingly, the district court's judgment summarily dismissing Pomrenke's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

14