**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48823**

| | |
|---|---|
| QUENTIN NAVA,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>**STATE OF IDAHO,**<br><br>       **Respondent.** | **Filed: September 15, 2022**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Quentin Nava appeals from the judgment summarily dismissing his amended petition for post-conviction relief. Nava alleges the district court erred because his ineffective assistance of trial counsel claim was timely, not otherwise barred, and raised a genuine issue of material fact. A post-conviction claim may be summarily dismissed if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Nava's claim was bare, conclusory, and unsupported by admissible evidence. As a result, Nava failed to create a genuine issue of material fact regarding his claim and, accordingly, the district court did not err. The judgment summarily dismissing Nava's amended petition for post-conviction relief is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Nava guilty of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and sexual abuse of a child under sixteen, I.C. § 18-1506. Nava admitted to two sentencing enhancements, and the district court sentenced him to forty years, with eighteen years determinate, for the lewd conduct conviction and twenty-five years, with eighteen years determinate, for the sexual abuse conviction, with the sentences to run concurrently. Nava appealed.[1] The Idaho Supreme Court affirmed the judgment of conviction on June 11, 2020, and issued a remittitur on July 2, 2020. *State v. Nava*, 166 Idaho 884, 465 P.3d 1123 (2020).

On July 13, 2020, Nava filed a petition for post-conviction relief. Nava's petition raised multiple claims, including the "State[']s Prosecutor Assistant coaching of witness, when to cry, what Hand motions to use, my nephew was thrown out of court when [he] tried to point it out. Have Affidavits this occurred and my coun[s]el didn[']t object to this Happening But was made aware of this." Despite stating that he had affidavits to support this claim, no affidavits accompanied the petition. The district court appointed Nava post-conviction counsel.

The State subsequently filed an answer asserting multiple defenses, including that Nava's petition failed to allege sufficient facts to find that trial counsel's performance was deficient and that Nava was prejudiced by the deficiency. Nava filed a motion for limited discovery, which the district court granted. The district court then issued a notice of its intent to dismiss Nava's petition for post-conviction relief. Regarding the ineffective assistance of counsel claim of alleged witness coaching, the district court stated that Nava's claim was bare, unsupported, and conclusory because it was unsupported by any admissible evidence.[2] Nava then filed a notarized affidavit verifying his petition for post-conviction relief, attesting that "the facts set forth in the foregoing Petition filed with this Court file stamped July 13, 2020 are true, accurate, and complete to the best of Petitioner's knowledge and belief."

---

[1] Nava's appeal did not raise an ineffective assistance of counsel claim. *See generally State v. Nava*, 166 Idaho 884, 465 P.3d 1123 (2020).

[2] Although the district court initially characterized Nava's ineffective assistance of counsel claim as trial court error, the court also analyzed the claim as a claim of ineffective assistance of trial counsel.

The district court subsequently dismissed Nava's petition for post-conviction relief finding, in part, that Nava did not support his ineffective assistance of counsel claim regarding alleged witness coaching with admissible evidence and did not show he was prejudiced by the alleged deficiency. However, because of circumstances relating to the State's compliance with the discovery order, the parties stipulated to setting aside the order dismissing Nava's petition for post-conviction relief.

The district court set aside the order, and Nava filed an amended petition for post-conviction relief. In the amended petition, Nava alleged, in part, a claim of ineffective assistance of counsel for failing to object to the coaching of witnesses during trial (IAC claim). Specifically, Nava alleged: "Ineffective assistance of Counsel. The alleged victims were coached on when to cry with use of hand motions and the Petitioner[']s nephew was removed from the courtroom when attempting to point it out. Trial Counsel failed to object when this was occurring. (see attachments filed herewith and incorporated herein)." Nava attached five signed letters, four of which had the signatures notarized, from various family members and friends; each letter described acts of witness coaching.

The State moved for summary dismissal. In relation to Nava's IAC claim, the State argued that Nava did not show that trial counsel knew about the alleged coaching or that the alleged coaching affected the trial's outcome. The district court agreed. In relevant part, the district court found that Nava's IAC claim was untimely, should have been raised on direct appeal, and was bare, conclusory, and not supported by evidence. Nava filed a premature notice of appeal, which became timely upon the filing of the district court's judgment summarily dismissing his amended petition for post-conviction relief.

## II.

### STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141

3

Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Nava alleges the district court erred by summarily dismissing his amended petition for post-conviction relief because his IAC claim was timely, not otherwise barred, and raised a genuine issue of material fact under both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[3] In response, the State concedes that Nava's IAC claim was timely and not otherwise barred, but argues the district court did not err because Nava presented insufficient evidence for an ineffective assistance of trial counsel claim.

We agree that Nava's IAC claim was timely and not otherwise barred. Nava commenced a post-conviction action within a year of the Idaho Supreme Court affirming the judgment of conviction in his underlying criminal case, which complies with I.C. § 19-4902(a). Accordingly, Nava's IAC claim was timely. Similarly, while a defendant may raise the issue of ineffective assistance of trial counsel either on direct appeal or in a petition for post-conviction relief, *Matthews v. State*, 122 Idaho 801, 806, 839 P.2d 1215, 1220 (1992) (holding defendant may raise issue of ineffective assistance of counsel at trial either on direct appeal or in petition for post-conviction relief, but not both), often such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can better be developed. *Sparks v. State*, 140 Idaho 292, 296, 92 P.3d 542, 546 (Ct. App. 2004) (holding ineffective assistance of trial counsel claims should not be raised on direct appeal because trial record is rarely adequate for review of such claims). Nava's IAC claim was not a claim that could have or should have been raised on direct appeal and, consequently, Nava was not barred from raising the claim for the first time in this post-conviction proceeding.

We turn to the question of whether the district court erred by summarily dismissing Nava's IAC claim because it failed to create a genuine issue of material fact. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.

---

[3]     Nava's amended petition for post-conviction relief raised multiple claims but Nava only pursues the above referenced ineffective assistance of counsel claim on appeal. Accordingly, Nava waives any challenge to the district court's dismissal of the other claims contained in his amended petition for post-conviction relief.

5

*Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

As an initial matter, we must address what documents in the record the district court and this Court may properly review to determine if Nava's IAC claim raised a genuine issue of material fact and was supported by admissible evidence.  On appeal, Nava alleges we should look to both his original petition and his amended petition to make this determination.  In his original petition, Nava alleged trial counsel was aware of the alleged witness coaching and failed to object.  In his amended petition, Nava alleged that trial counsel failed to object to the coaching, but did not allege trial counsel was aware of the alleged coaching.  Nava argues that we may consider the factual assertion in his original petition to support his IAC claim in his amended petition.  Nava also contends that we should consider the letters from various family and friends that he submitted with his amended petition in determining whether the district court erred in summarily dismissing his IAC claim.  We disagree with both contentions.

First, any argument that the district court should have looked to Nava's original petition either for claims or factual support rather than his amended petition is not preserved.  After the State filed a motion for summary dismissal of Nava's amended petition arguing that Nava's IAC claim was not adequately supported, Nava did not argue that evidence from the original petition supported his IAC claim, attempt to incorporate any part of his original petition into his amended petition, or point to factual allegations in his original petition as support for his claim.  Accordingly, because Nava did not raise this issue below, he may not raise it on appeal.  *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding generally issues not raised below may not be considered for first time on appeal).

6

Further, even if Nava's argument was preserved, it would be unavailing because, as Nava acknowledges on appeal, unless an amended petition adopts or incorporates a prior petition, the factual allegations in the prior petitions have no legal effect. Once an individual files a petition for post-conviction relief, he may, under certain conditions, file an amended petition, I.R.C.P. 15, but the amended petition takes the place of all prior petitions. *See Allied Bail Bonds, Inc. v. Cnty. of Kootenai*, 151 Idaho 405, 411, 258 P.3d 340, 346 (2011); *see also Freiberger v. Am. Triticale, Inc.*, 120 Idaho 239, 243, 815 P.2d 437, 441 (1991) (noting that when pleading is amended, it takes place of original pleading). As such, an amended complaint supersedes prior complaints and represents the substance of plaintiff's claims "entirely and exclusively," such that all subsequent pleadings must be based upon contents of amended complaint. *Allied*, 151 Idaho at 411, 258 P.3d at 346.

Nava filed an amended petition for post-conviction relief, which did not refer to or incorporate his original petition, and Nava never moved to admit the original petition into evidence. As such, Nava's amended petition superseded the factual allegations and legal claims of his original petition and represented the entire and exclusive substance of his post-conviction claims. *Id.* Accordingly, we will not look to claims or factual allegations made in Nava's original petition as support for claims in his amended petition.

Second, petitions for post-conviction relief must present or be accompanied by admissible evidence, i.e., affidavits, records, or other evidence supporting the allegations in the petition, I.C. § 19-4903, or the petition will be subject to dismissal. *See also Baxter v. State*, 149 Idaho 859, 861-62, 243 P.3d 675, 677-78 (Ct. App. 2010). The letters Nava submitted to support his IAC claim did not create a genuine issue of material fact for two reasons: (1) none of the letters indicated that trial counsel had any knowledge of the alleged witness coaching; and (2) the letters were not affidavits and, thus, were not admissible evidence.

First, none of the letters indicate that trial counsel had any knowledge of the alleged witness coaching at the time it occurred. As discussed below, trial counsel does not render deficient performance for failing to object to something of which counsel is not aware. As there are no facts to support a claim that trial counsel knew about the alleged coaching, there is no genuine issue of fact to support the first prong of *Strickland*.

Second, even if the letters included such a statement, the letters are not admissible evidence. Idaho Rule of Civil Procedure 2.7 provides: "Whenever these rules require or permit a

7

written statement to be made under oath or affirmation, the statement may be made as provided in Idaho Code Section 9-1406. An affidavit includes a written certification or declaration made as provided in Idaho Code section 9-1406." Idaho Code § 9-1406 provides:

> (1)    Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to a law of this state, any matter is required or permitted to be supported, evidenced, established or proved by the sworn statement, declaration, verification, certificate, oath, affirmation or affidavit, in writing, of the person making the same, other than a deposition, an oath of office or an oath required to be taken before a specified official other than a notary public, such matter may with like force and effect be supported, evidenced, established or proven by the unsworn certification or declaration, in writing, which is subscribed by such person and is in substantially the following form:

> "I certify (or declare) under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct."

Affidavits must be verified on oath or affirmation by a notary. I.C. § 51-105(2). "'Verification on oath or affirmation' means a declaration, made by an individual on oath or affirmation before a notarial officer, that a statement in a record is true." I.C. § 51-102(16).

Nava submitted five letters in support of his amended petition. While all of the letters were signed, only four had notary stamps, and the stamps only attest to the identity of the person signing the document. *See* I.C. § 51-105(3). While two of the letters contained an assertion that the statements in the letter were true, none of the documents are subscribed and sworn to as an oath or affirmation, as required of an affidavit. *See* I.C. § 9-1406; I.C. § 51-102; I.R.C.P. 2.7; *See Evans v. Twin Falls Cnty*, 118 Idaho 210, 218 n.9, 796 P.2d 87, 95 n.9 (1990) (noting document filed not subscribed and sworn to as oath or affirmation, as required of an affidavit; rather, signature merely acknowledged by notary public in manner required for acknowledgment of signatures). Because none of the documents were subscribed or sworn to, they were not affidavits and not admissible evidence to support Nava's IAC claim. Accordingly, Nava has only provided his amended petition and affidavit to support his claims and, thus, we will look only to those documents to determine if Nava's IAC claim was sufficiently supported to survive summary dismissal.

Nava's IAC claim in his amended petition reads: "The alleged victims were coached on when to cry with use of hand motions and the Petitioner[']s nephew was removed from the courtroom when attempting to point it out. Trial Counsel failed to object when this was occurring. (see attachments filed herewith and incorporated herein)." As admissible evidence of the IAC claim, Nava included his own affidavit that stated the facts in his amended petition were "true,

accurate, and complete"; the affidavit contained no additional factual assertions. Even with Nava's affidavit, the district court correctly concluded Nava's amended petition and affidavit failed to establish either prong of the *Strickland* standard.

Nava's assertion that his trial counsel provided deficient performance under the first prong of *Strickland* is bare and conclusory because Nava did not allege, either in his amended petition or accompanying affidavit, that his trial counsel was aware of the alleged witness coaching; trial counsel could not have provided deficient performance by failing to object to something of which counsel was unaware. Nonetheless, Nava argues that "the only reasonable inference" from Nava's IAC claim is that Nava's trial counsel knew about the alleged witness coaching. As support for this assertion, Nava cites to *Stanfield v. State*, 165 Idaho 889, 894, 454 P.3d 531, 536 (2019) for the proposition that all reasonable inferences must be construed in favor of the petitioner and, as such, we should infer that Nava's trial counsel knew of the alleged witness coaching from the nature of Nava's IAC claim. We decline to do so.

The standard articulated in *Stanfield* was not a new standard, nor did it supersede the requirement that a petitioner is required to allege facts, supported by admissible evidence, in support of his claim. As noted by the *Stanfield* Court, "[a] genuine issue of material fact exists when 'the appellant has alleged facts in his petition that if true, would entitle him to relief.'" *Id.* (quoting *Charboneau v. State*, 140 Idaho 789, 792 102 P.3d 1108, 1111 (2004)). Thus, even after *Stanfield*, it is still the petitioner's burden to show that trial counsel's representation fell below an objective standard of reasonableness. *Dunlap v. State*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Aug 30, 2022) (noting to establish deficient performance, this Court requires defendant to show counsel's representation fell below an objective standard of reasonableness); *Pomrenke v. State*, 169 Idaho 474, 478, 497 P.3d 548, 552 (Ct. App. 2021) (same).

Nava's amended petition did not allege or include admissible evidence from which it would be reasonable to infer that his trial counsel was aware of the alleged witness coaching. Nava's amended petition, filed with the assistance of post-conviction counsel, omitted this relevant fact. This Court declines to insert a fact that is crucial to the IAC claim into the amended petition. Without a factual basis, inferring that Nava's trial counsel knew of the alleged witness coaching would not be reasonable. Without being aware of the alleged witness coaching, trial counsel could not have provided deficient performance by failing to object. Nava did not meet his burden to show that trial counsel provided deficient performance.

Similarly, Nava does not provide any admissible evidence to support that he was prejudiced by his trial counsel's alleged deficient performance, as required under the second prong of *Strickland*. Nava argues this Court should infer prejudice on Nava's IAC claim because of statements the district court made when analyzing the claim as one of a trial court error. While Nava argues the district court erroneously analyzed the claim as a claim of direct trial error, he asserts we should nonetheless adopt some of the district court's legal conclusions contained in the direct trial error analysis. We decline to do so for several reasons.

First, the district court's analysis of the witness coaching claim as a direct trial error claim is superfluous as both parties acknowledge Nava's amended petition for post-conviction relief did not assert a claim of direct trial error. Second, while the district court found that if Nava's witness coaching claim were true, it could raise a substantial doubt about the reliability of the finding of guilt, the district court's conclusion rests upon the inadmissible information contained in the five letters. Those letters contain no information relative to counsel's knowledge of the alleged coaching or any prejudice stemming therefrom. The district court's statement is largely a generalized conclusion that witness coaching, if true, affects the fairness of a trial. As noted, no direct trial error claim was or is at issue in this case. Thus, we disregard any analysis related to the non-plead claim.

Third, while the district court need not have considered Nava's IAC claim under a direct trial error analysis, it also correctly considered the claim under the *Strickland* standard for ineffective assistance of counsel claims. When the district court considered Nava's IAC claim under *Strickland*, the court found that Nava's "prejudice argument consists of nothing more than unsupported and conclusory statements." Thus, the district court found that Nava did not provide sufficient evidence of prejudice under the correctly applied *Strickland* standard. We decline to infer that the district court intended the legal conclusion in its direct trial error analysis to apply to its ineffective assistance of counsel analysis because the court explicitly identified the correct legal standard for assessing Nava's IAC claim, used that standard when analyzing the claim, and thereafter dismissed Nava's IAC claim.

Moreover, on appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley*, 148 Idaho at 675, 227 P.3d at 929; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. As such, this Court conducts an independent analysis

10

to determine if a petitioner provided admissible evidence to assert that he was prejudiced by trial counsel's alleged deficient performance. Nowhere in Nava's amended petition does Nava assert that a timely objection by his trial counsel to the alleged witness coaching would have likely changed the trial's outcome. Accordingly, because Nava did not allege or show evidence that the outcome of his trial would have been different if Nava's trial counsel had objected to the alleged witness coaching, Nava did not meet his burden to show that he was prejudiced by his trial counsel's alleged deficient performance.

With no admissible evidence to support either of the *Strickland* prongs, Nava's IAC claim was bare and conclusory and the district court did not err by summarily dismissing the petition.

## IV.
## CONCLUSION

Nava's IAC claim in the amended petition was bare, conclusory, and unsupported by admissible evidence. As a result, Nava failed to create a genuine issue of material fact regarding his claim and the district court did not err in summarily dismissing the amended petition. The judgment summarily dismissing Nava's amended petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.